ROBERT J. TUERCK (Bar No. 255741)
Jackson & Tuerck
P.O. Box 148
429 W. Main Street, Suite C
Quincy, CA 95971
Tel: (530) 283-0406
E-mail: bob@jacksontuerck.com

ANDREW L. PACKARD (Bar No. 168690)
ERIK M. ROPER (Bar No. 259756)
HALLIE B. ALBERT (Bar No. 258737)
Law Offices of Andrew L. Packard
100 Petaluma Blvd. N., Suite 301
Petaluma, CA 94952
Tel: (707) 763-7227
Fax: (707) 763-9227
E-mail: Andrew@packardlawoffices.com

Attorneys for Plaintiff
CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a non-profit corporation,<br><br>              Plaintiff,<br><br>      vs.<br><br>UNITED RENTALS NORTHWEST, INC., a Delaware corporation, and DENNIS BUSBY, an individual<br><br>              Defendants. | Case No. 2:10−CV−03163−FCD−EFB<br><br>**STIPULATION FOR DISMISSAL WITH PREJUDICE; ORDER GRANTING DISMISSAL WITH PREJUDICE [FRCP 41(a)]**<br><br>(Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 to 1387) |

**STIPULATION**

Plaintiff California Sportfishing Protection Alliance ("Plaintiff or "CSPA"), and Defendants United Rentals Northwest, Inc. ("United Rentals") and Dennis Busby ("Busby"), (collectively, "Defendants," and together with Plaintiff, the "Parties"), stipulate as follows:

WHEREAS, on or about September 22, 2010, CSPA provided Defendants with a Notice of Violations and Intent to File Suit ("60-Day Notice Letter") under Section 505 of the Federal Water Pollution Control Act ("Act" or "Clean Water Act"), 33 U.S.C. § 1365;

WHEREAS, on November 22, 2010, CSPA filed a Complaint against Defendants in this Court, entitled *California Sportfishing Protection Alliance v. United Rentals, Inc., et al.*, USDC, E.D. Cal., Case No. 2:10−CV−03163−FCD−EFB (the "Action"), which Complaint incorporated by reference the allegations contained in CSPA's 60-Day Notice Letter;

WHEREAS, Defendants deny the occurrence of the violations alleged in the 60-Day Notice Letter and the Complaint, and maintain that they have complied at all times with the provisions of the General Permit, the Clean Water Act, and California Health & Safety Code sections 25249.5 *et seq.*;

WHEREAS, Defendants have ceased the industrial activities that subjected the Facility referenced in the 60-Day Notice Letter and Complaint to regulation under the General Permit; and

WHEREAS, on February 28, 2011, the Regional Water Quality Control Board, Central Valley Region, approved Defendants' application for Notice of Termination of Coverage under the National Pollutant Discharge Elimination System ("NPDES"), General Permit No. CAS000001;

NOW, THEREFORE, IT IS HEREBY STIPULATED and agreed to by and between the Parties, through their counsel of record, that:

1.      CSPA's claims as set forth in the 60-Day Notice Letter and the Complaint shall be dismissed <u>with prejudice</u> pursuant to Federal Rule of Civil Procedure 41(a);

2.      Defendants, on their own behalf, release CSPA (and its officers, directors, employees, members, parents, subsidiaries, and affiliates, and each of their successors and assigns, and its agents, attorneys, and other representative) from, and waive all claims which arise from or relate to the 60-Day Notice Letter, the Complaint and the Action, including all claims for fees (including fees of attorneys, experts, and others), costs, expenses or any other sum incurred or claimed or which could have been claimed for matters associated with or related to the 60-Day Notice Letter, the Complaint and the Action;

3.      Plaintiff, on its own behalf, releases Defendants (and their officers, directors, employees, members, parents, subsidiaries, and affiliates, and each of their successors and assigns, and their agents, attorneys, and other representative) from, and waives all claims which arise from or relate to the 60-Day Notice Letter, the Complaint and the Action, including all claims for fees (including fees of attorneys, experts, and others), costs, expenses or any other sum incurred or claimed or which could have been claimed for matters associated with or related to the Action, excepting those fees expressly stipulated to in the following Paragraph 4;

4.      Defendants shall reimburse CSPA in the amount of two thousand five hundred dollars ($2,500) to defray CSPA's reasonable investigative, expert, consultant and attorneys' fees and costs, incurred in investigating its potential claims and in bringing this Action.   Such payment shall be made to CSPA's undersigned attorney (Jackson & Tuerck) within ten (10) days after the Court's entry of dismissal; and

5.     CSPA shall remove all mention of the 60-Day Notice Letter, the Complaint, the Action and Defendants from CSPA's internet website within ten (10) days after the Court's entry of dismissal.

DATED:  March __, 2011            JACKSON & TUERCK

By _____/s/_____
                        Robert J. Tuerck
                        Attorney for Plaintiff
                  CALIFORNIA SPORTFISHING
                        PROTECTION ALLIANCE

DATED:  March __, 2011            BARTKO ZANKEL TARRANT MILLER,
                                  a Professional Corporation

By _____/s/_____
                        Howard L. Pearlman
                        Attorney for Defendants
                  UNITED RENTALS NORTHWEST, INC.
                        and DENNIS BUSBY

### **ORDER**

The Court, having reviewed the foregoing Stipulation of the Parties and for good cause appearing,

IT IS HEREBY ORDERED that Case No. 2:10−CV−03163−FCD−EFB shall hereby be dismissed with prejudice.

Dated:  March 8, 2011

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

4